IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 11-00094-CB |
| WILLIAM F. BRIGGS, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. In 2014, the United States Sentencing Commission ("the Commission") enacted an amendment to the United States Sentencing Guidelines that further reduced the sentencing ranges for certain offenses. *See* Amendment 782, United States Sentencing Guidelines. The Commission has deemed this to be an amendment that may be applied retroactively. *See* U.S.S.G. § 1B1.10. After review of the motion and all relevant factors prescribed by § 1B1.10, the court has determined that a reduction of sentence based on the amended guideline range may be appropriate in this case.

Defendant pled guilty to conspiracy to possess with intent to distribute cocaine. base   His original calculated guidelines range was 70 to 87 months, but the statutory mandatory minimum sentence was 120 months. The government filed a motion for downward departure based on substantial assistance. On May 21, 2012, the Court sentenced the defendant to 96 months. According to the revised

guidelines calculation prepared by the United States Probation Office, application of Amendment 782 would result in a calculated guideline range of 57 to 71 months.[1] Unless the United States files a written objection on or before **June 4, 2015**, the Court will enter an order reducing the defendant's sentence to 78 months.

**DONE** and **ORDERED** this the 4th day of May, 2015.

                                        **s/***Charles R. Butler, Jr.*
                                        **Senior United States District Judge**

---

[1] Pursuant to U.S.S.G. § 1B1.10(c), the amended calculated guideline range, not the statutory mandatory minimum sentence, applies in this situation because a substantial assistance motion was made at sentencing.